ALLICIA B. TOMOLO, ESQ.
SBN 12116
3080 South Durango Drive, Ste. 207
Las Vegas, Nevada 89117
Telephone: (702) 946-8440
Fax: (702) 946-1035
abtomolo@gmail.com
Attorneys for Defendant,
SENTRY RECOVERY & COLLECTION, INC.

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| KYRSTAN E. HARADEN,<br>Plaintiff,<br><br>v.<br><br>SENTRY RECOVERY & COLLECTION, INC.,<br><br>Defendant. | Case No: 2:19-cv-00740-JCM-CWH<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DAMAGES**<br><br>Hon. James C. Mahan<br>United States District Court Judge<br><br>Complaint filed: April 30, 2019 |

Defendant Sentry Recovery & Collection, Inc. ("Defendant" or "Sentry"), through counsel and pursuant to the *Federal Rules of Civil Procedure*, submits its Answer and Affirmative Defenses to Complaint filed by Plaintiff Kyrstan E. Haraden ("Plaintiff"), and states:

## NATURE OF THE ACTION

1. Answering Paragraph 1 of Plaintiff's Complaint, Defendant admits Plaintiff brings pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692, *et seq.*, but Sentry denies any violations, liability or wrongdoing under the law. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 1.

## JURISDICTION AND VENUE

2. Answering Paragraph 2 of Plaintiff's Complaint, Defendant admits that this action arises under and is brought pursuant to the FDCPA which is within the subject matter jurisdiction of this Court but Sentry denies that it violated the FDCPA. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 2.

3. Answering Paragraph 3 of Plaintiff's Complaint, Defendant does not contest venue.

## PARTIES

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint and on that basis denies the same.

5. Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint as they call for a legal conclusion.

6. Answering Paragraph 6 of Plaintiff's Complaint, Defendant admits that it is a corporation organized under the laws of the State of Nevada with James Gravitt as its registered agent, located that 3080 S. Durango Dr., Suite 203, Las Vegas, Nevada 89177. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 6.

7. Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint as they call for a legal conclusion.

8. Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint as calling for a legal conclusion.

///

///

**Factual Allegations**

9. Answering Paragraph 9 of Plaintiff's Complaint, Defendant admits that this action stems from Defendant's attempts to collection a debt from Plaintiff. Except as specifically admitted to herein, Defendant denies the allegations contained in Paragraph 9.

10. Answering Paragraph 10 of Plaintiff's Complaint, Defendant admits that Defendant contacted Plaintiff at the number ending 3997 beginning in or around July 2018. Except as specifically admitted to herein, Defendant denies the allegations contained in Paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint and on that basis denies the same.

12. Answering Paragraph 12 of Plaintiff's Complaint, Defendant admits that it has used phone number (702) 944-4115 to contact Plaintiff. Except as specifically admitted to herein, Defendant denies the allegations contained in Paragraph 12.

13. Answering Paragraph 13 of Plaintiff's Complaint, Defendant admits that it has used phone number ending 4115. Except as specifically admitted to herein, Defendant denies the allegations contained in Paragraph 13.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint and on that basis denies the same.

19.     Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

### COUNT 1 – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21.     Defendant repeats, re-alleges, and incorporates by reference, all other paragraphs.

22.     Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint as calling for a legal conclusion.

23.     Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint as calling for a legal conclusion.

24.     Answering Paragraph 24 of the Complaint, Defendant admits that Defendant is engaged in the business of collecting or attempting to collect debts owed to others and that Sentry has been a member of the ACA since 2001. Except as specifically admitted to herein, Defendant denies the allegations contained in Paragraph 24.

25.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint and on that basis denies the same.

     **a.   Violations of the FDCPA §1692c(a)(1) and §1692d**

26. Defendant contends that there are no affirmative allegations contained in Paragraph 26 of Plaintiff's Complaint which require a response and Defendant also contends that the FDCPA speaks for itself.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

     **b.   Violations of the FDCPA §1692e**

29. Defendant contends that there are no affirmative allegations contained in Paragraph 29 of Plaintiff's Complaint which require a response and Defendant also contends that the FDCPA speaks for itself.

30. Defendant contends that there are no affirmative allegations contained in Paragraph 30 of Plaintiff's Complaint which require a response and Defendant also contends that the FDCPA speaks for itself.

31. Defendant denies the allegations contained in Paragraph 31.

     **c.   Violations of the FDCPA §1692f**

32. Defendant contends that there are no affirmative allegations contained in Paragraph 32 of Plaintiff's Complaint which require a response and Defendant also contends that the FDCPA speaks for itself.

33. Defendant denies the allegations contained in Paragraph 33.

34. Defendant denies the allegations contained in Paragraph 34.

35. Except as specifically admitted to above, Defendant denies each and every allegation in Plaintiff's Complaint, including Plaintiff's request for damages.

### DEFENDANT'S AFFIRMATIVE DEFENSES

36. Plaintiff failed to state a claim against Defendant upon which relief may be granted.

37. Defendants allege, pursuant to 15 U.S.C. § 1692k, to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid such error.

38. Defendant alleges that Plaintiff's claims are barred. *See Zortman v. JC Christensen and Associates, Inc.,* 870 F.Supp.2d 694 (D. Minn. 2012).

39. Defendants denies any liability; however, regardless of liability, Defendants allege Plaintiff has suffered no actual damages as result of Defendants' purported violations.

40. Defendants allege any harm suffered by Plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of Defendants, or for whom Defendants are not responsible or liable.

41. One or more claims asserted by Plaintiff is barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

42. Assuming that Plaintiff suffered any damages, he has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

43. Plaintiff acquiesced in and/or consented to the acts and omissions alleged in the Complaint.

///

///

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant Sentry Recovery & Collection, Inc. prays that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable

Dated this 28th day of June, 2019.

 

                                                  ALLICIA B. TOMOLO, ESQ.
                                                  SBN 12116
                                                  3080 South Durango Drive, Ste. 207
                                                  Las Vegas, Nevada 89117
                                                  Telephone: (702) 946-8440
                                                  Fax: (702) 946-1035
                                                  abtomolo@gmail.com
                                                  Attorneys for Defendant,
                                                  Sentry Recovery & Collection, Inc.

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that the following are listed to receive Notices of Electronic Filing through CM/ECF:

Nicholas M. Wajda
Nevada State Bar No: 11480
**LAW OFFICES OF NICHOLAS M. WAJDA**
871 Coronado Center Drive, Suite 200
Henderson, NV 89052
Telephone: (702) 900-6339
Email address: nick@wajdalawgroup.com
**Attorney for Plaintiff**

Taxiarchis Hatzidimitriadis
**SULAIMAN LAW GROUP, LTD.**
2500 S Highland Ave Ste 200
Suite 200
Lombard, IL 60148
630-575-8180
Fax: 630-575-8181
Email: thatz@sulaimanlaw.com
***Lead Attorney Pro Hac Vice***

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is a true and correct statement and that this Certificate was executed on the aforementioned date above.

**DATED** this 28th day of June, 2019.

By: /s/ Allicia B. Tomolo, Esq.
Allicia B. Tomolo, Esq.